No. 13-55486

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**JOSE GOMEZ**,

individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

**CAMPBELL-EWALD COMPANY**,

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of California
Case No. 10-cv-2007-DMG (CWx)
The Honorable Dolly M. Gee, United States District Judge

### APPELLANT'S OPPOSITION TO
### MOTION FOR STAY OF MANDATE

| McMorrow Law, P.C. | McGuire Law, P.C. | Parisi & Havens LLP |
|---|---|---|
| Michael J. McMorrow | Evan M. Meyers | David C. Parisi |
| One North LaSalle Street, 44th Floor | 161 N. Clark Street 47th Floor | 212 Marine Street, Suite 100 |
| Chicago, Illinois 60602 | Chicago, Illinois 60601 | Santa Monica, CA 90405 |
| Tel: (312) 265-0708 | Tel: (312) 216-5179 | Tel: (818) 990-1299 |

*Attorneys for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................. 1

**STANDARD OF REVIEW** .................................................................................. 1

**ARGUMENT** ......................................................................................................... 3

**I.  Defendant Fails to Establish a Reasonable Probability that Four Justices Will Decide to Grant Certiorari or that a Majority of the Court will Conclude That This Court's Decision was Erroneous** ............................................................................ 3

    A.  *The Opinion of this Court Does Not Create any Jurisdictional Issue That is Worthy of Certiorari* ................... 4

        1. Defendant's Rule 68 Offer was Stricken  .......................... 4

        2. The District Court's Local Rules Prevented the Filing of a Certification Motion without Conferring with Opposing Counsel  .................................. 7

        3. The Parties Stipulated to Delay the Filing of the Class Certification Motion ....................................... 7

    B.  *Defendant's Potential Certiorari Petition Does Not Raise a Substantial Issue of Law on Whether an Unaccepted Rule 68 Offer of Judgment Moots Putative Class Claims.* .............. 9

**II.  Defendant Makes no Attempt to Demonstrate Irreparable Harm, and Fails to Demonstrate a Balance of Hardships That Would Favor a Stay** ................... 10

**III.  Plaintiff Filed Bankruptcy During the Pendency of This Appeal** ......................................................... 12

**CONCLUSION** .................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re Cervantes*,
  503 B.R. 689 (Bankr. N.D. Ill. 2013) .................................................. 12

*Conkright v. Frommert*,
  556 U.S. 1401 (2009) (Ginsberg, J., in chambers) ............................... 2

*Cuomo v. United States Nuclear Regulatory Comm'n*,
  772 F.2d 972 (D.C. Cir. 1985) ............................................................... 3

*Diaz v. First Am. Home Buyers Prot. Corp.*,
  732 F.3d 948 (9th Cir. 2013) ...................................................... 4, 9, 10

*Dukes v. Wal-Mart, Inc.*,
  474 F.3d 1214 *opinion withdrawn and superseded on denial of reh'g*, 509 F.3d 1168 (9th Cir. 2007) *on reh'g en banc sub nom. Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) *rev'd on other grounds*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (U.S. 2011) ..................................................... 5

*Genesis Healthcare Corp. v. Symczyk*,
  -- U.S. --, 133 S. Ct. 1523 (2013) ..................................................... 9, 10

*Graves v. Barnes*,
  405 U.S. 1201 (1972) (Powell, J., in chambers) ................................... 2

*John Doe I v. Miller*,
  418 F.3d 950 (8th Cir. 2005) ............................................................... 3

*Khulumani v. Barclay Nat'l Bank Ltd.*,
  509 F.3d 148 (2d Cir. 2007) ................................................................. 3

*Mahan v. Howell*,
  404 U.S. 1201 (1971) (Black, J., in chambers) ..................................... 2

*Nara v. Frank*,
   494 F.3d 1132 (3d Cir. 2007) ................................................................. 3

*Pitts v. Terrible Herbst, Inc.*,
   653 F.3d 1081 (9th Cir. 2011) ...................................................... 4, 5, 9

*Planned Parenthood v. Casey*,
   510 U.S. 1309 (1994) (Souter, J., in chambers) ............................. 3, 10

*Rostker v. Goldberg*,
   448 U.S. 1306 (1980) (Brennan, J., in chambers) ...................... *passim*

*Schwab v. Reilly*,
   560 U.S. 770 (2010) ................................................................................ 12

*Ticor Title Ins. Co. v. FTC*,
   814 F.2d 731 (D.C. Cir. 1987) ............................................................. 11

*United States v. Holland*,
   1 F.3d 454 (7th Cir. 1993) ..................................................................... 3

*United States v. Sarno*,
   73 F.3d 1470 (9th Cir. 1995) ................................................................. 5

*United States v. Warner*,
   507 F.3d 508 (7th Cir. 2007) (Wood, J., in chambers) .......................... 5

*Whalen v. Roe*,
   423 U.S. 1313 (1975) (Marshall, J., in chambers) ................................. 2

**Federal Statutes**

11 U.S.C 522(b) ............................................................................................ 12

**Other Authorities**

Sup. Ct. R. 10 ................................................................................................. 6

Sup. Ct. R. 11 ................................................................................................. 6

Fed. R. App. P. 41 ..................................................................................... 1, 2

Fed. R. Civ. P. 26 .......................................................................................... 8

Fed. R. Civ. P. 68 ............................................................................... *passim*

C.D. Cal. L.R. 7-3 ..................................................................................... 7

C.D. Cal. L.R. 23-3 ................................................................................... 7

## **INTRODUCTION**

Defendant Campbell-Ewald has gone to great lengths to avoid reaching the merits of this case, or the class certification issues presented, for four years now. When faced with having to address the merits of this case, Defendant has consistently sought to stall the process through additional motion practice. It seeks to do the same here.

Defendant fails to note the four-part test set out by the Supreme Court for a stay of mandate, and it fails to meet any of the four parts of that test. Its latest attempt to delay consideration of this case should be denied, and mandate should issue to the District Court.

## **STANDARD OF REVIEW**

Pursuant to Rule 41(d)(2)(A) of the Federal Rules of Appellate Procedure, a party moving for a stay of mandate pending a petition for certiorari "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Campbell-Ewald fails to meet this standard. Fed. R. App. P. 41(d)(2)(A). This relief is not granted "routinely" or "as a matter of course." Circuit Rule 41-1; Advisory Committee Note. Thus, while a motion for a stay of the mandate will be denied if it is "frivolous or filed merely for delay," *see*

Circuit Rule 41-1, it may also be denied because it depends upon a petition for certiorari that is not likely to succeed. That is the case here.

*Rostker v. Goldberg*, 448 U.S. 1306 (1980) (Brennan, J., in chambers), laid out the four-part test for granting a stay of a lower court decision pending review by the Supreme Court. First, the applicant must establish "that there is a reasonable probability" that four Justices will consider the issue sufficiently meritorious to grant certiorari or to note probable jurisdiction." *Id*. at 1308. Second, the applicant must show "that there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." *Id*. Third, "there must be a demonstration that irreparable harm is likely to result from the denial of a stay." *Id*. Fourth, in a close case it may be appropriate to balance the equities "to explore the relative harms to applicant and respondent, as well as the interests of the public at large." *Id*.

This analysis has consistently been applied by the Supreme Court in granting or denying stays of lower court orders. *See, e.g., Conkright v. Frommert*, 556 U.S. 1401 (2009) (Ginsberg, J., in chambers); *Whalen v. Roe*, 423 U.S. 1313, 1316-17 (1975) (Marshall, J., in chambers); *Graves v. Barnes*, 405 U.S. 1201, 1203-04 (1972) (Powell, J., in chambers); *Mahan*

*v. Howell*, 404 U.S. 1201, 1202 (1971) (Black, J., in chambers). "The burden is on the applicant to rebut the presumption that the decisions below - both on the merits and on the proper interim disposition of the case - are correct." *Planned Parenthood v. Casey*, 510 U.S. 1309, 1310 (1994) (Souter, J., in chambers) (*quoting Rostker*, 448 U.S. at 1308).

Circuit courts have consistently applied the *Rostker* analysis in granting or denying motions to stay a mandate. *See, e.g., Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007); *John Doe I v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005); *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993); *see also Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (applying a similar four-part analysis); *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 153 (2d Cir. 2007) (denying a stay of mandate because applicants had not "demonstrated a likelihood of irreparable injury without a stay.")

## ARGUMENT

**I.  Defendant Fails to Establish a Reasonable Probability that Four Justices Will Decide to Grant Certiorari or that a Majority of the Court will Conclude That This Court's Decision was Erroneous**

Defendant fails both of the first two factors in the *Rostker v. Goldberg* test, that "there is a reasonable probability" that four Justices

- 3 -

will consider the issue sufficiently meritorious to grant certiorari or to note probable jurisdiction, and that "there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." 448 U.S. at 1308.

> A. *The Opinion of this Court Does Not Create any Jurisdictional Issue That is Worthy of Certiorari.*

The first substantial issue claimed by Defendant is "whether an unaccepted Rule 68 offer for full relief moots an individual claim, thereby depriving a court of jurisdiction." (Mot. at 4.) This issue fails to create a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari, nor does it show a fair prospect that a majority of the Court will conclude that this Court's rulings – in this case, in *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948 (9th Cir. 2013), and in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) – were erroneous.

> 1. <u>Defendant's Rule 68 Offer was stricken.</u>

First, the issue on which Defendant seeks Supreme Court review was never properly preserved or properly before the Ninth Circuit to begin with. The Seventh Circuit has noted that where a petition "presents issues that were not preserved," denial of a stay of mandate is

appropriate. *See United States v. Warner*, 507 F.3d 508, 510-11 (7th Cir. 2007) (Wood, J., in chambers)).

In January 2011, Defendant attempted to "pick off" Plaintiff Jose Gomez by making an "offer of judgment" under Rule 68 in the amount of $1503 and moving to dismiss, arguing the case was moot. (Dkt. 32, at 1.) Gomez allowed the offer to lapse per its terms, moved for certification, and moved to strike and quash the Rule 68 Offer. (Dkt. 9, at 1.) The District Court, presaging this Court's later decision in *Pitts*, denied the Motion to Dismiss, finding that "relation back" of the certification motion to the filing of the Complaint was appropriate. (Dkt. 67, at 10.) The District Court also struck the Rule 68 Offer from the record and quashed it, rendering the rejected offer a nullity. (Dkt. 67, at 12.) *See United States v. Sarno*, 73 F.3d 1470, 1490-91 (9th Cir. 1995) (refusing to consider evidence stricken from the record where party failed to object to its striking and failed to show plain error); *see also Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1230 *opinion withdrawn and superseded on denial of reh'g*, 509 F.3d 1168 (9th Cir. 2007) *on reh'g en banc sub nom. Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) *rev'd on other grounds*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (U.S. 2011) (finding that

failure to appeal the exclusion of evidence precluded Court of Appeals from considering it). Defendant never sought in this Court any review of the rulings of the District Court striking and quashing the Rule 68 Offer, opting instead to just file a new motion to dismiss in this Court, which was denied.

But those earlier rulings struck and quashed the purported Rule 68 Offer. They have never been appealed, and the decision of the District Court to strike and quash the Rule 68 Offer was never reviewed by this Court. Review of the District Court's ruling that struck and quashed that Rule 68 Offer would have to precede any consideration of the effect of that stricken Offer. Supreme Court Rules 10 and 11 (regarding petitioning the Supreme Court for certiorari review) simply do not contemplate direct review of a District Court ruling by the Supreme Court.

The Rule 68 Offer is not properly part of the record in this case, and cannot provide the basis for further review. Furthermore, the fact that the District Court's ruling to strike and quash has not been reviewed by this Court prevents any consideration by the Supreme Court of the effect of that ruling without intermediate review by this Court. This fact makes it very unlikely that the petition for certiorari will be granted.

### 2. The District Court's Local Rules prevented the filing of a certification motion without conferring with opposing counsel who have appeared.

Local Rule 7-3 of the Central District of California requires a movant to confer with opposing counsel who have appeared in advance of filing *any* motion, even a class certification motion. Those Rules contain no similar waiting period before a defendant can make a settlement offer or a Rule 68 Offer. Under this rule, Gomez could not move for certification until several days *after* conferring with opposing counsel for Defendant about the motion, which would have invited the very pick-off attempt made here.

The local rule preventing Gomez from filing a class certification motion before conferring with Defendant – a rule that is not uniform in other courts throughout the country – renders this case peculiarly inappropriate for Supreme Court review.

### 3. The parties stipulated to delay the filing of the class certification motion

Under the Local Rules of the Central District of California, absent a court order to the contrary, class certification motions must generally be filed within 90 days of the commencement of the action. L.R. 23-3. However, at the outset of this action, Defendant stipulated to move the

class certification date, stating "it would be inefficient for the Court and the parties to expend resources on class certification-related activities before Defendant has responded to the Complaint and before any threshold motions are resolved." (Dkt. 9, at 2.) The District Court approved the Stipulation, and entered an order extending the deadline for the certification motion until after Defendant answered and the parties filed a Rule 26(f) report proposing a discovery schedule. (Dkt 10, at 1-2.) However, on January 5, 2011, after its motions to dismiss and reconsider were denied, but before the Rule 26(f) conference could occur, Defendant attempted to short-circuit this case by attempting to "pick off" Gomez with its Rule 68 Offer—intentionally making the Offer before the stipulated and court-ordered class certification deadline.

Defendant's stipulation to delay the filing of the class certification motion – a procedurally unique factor – renders this case inappropriate for Supreme Court review. In its Order of April 8, 2011, the District Court itself relied upon the parties' stipulation in denying Defendant's motion to dismiss this case on mootness grounds. (*See* Appellant's Supplemental Excerpts of Record, at SER032-33). The Justices of the Supreme Court are not likely to reward Defendant's refusal to honor the

effect of its stipulation with further review of its case, any more than the District Court did in this matter.

> B. *Defendant's Potential Certiorari Petition Does Not Raise a Substantial Issue of Law on Whether an Unaccepted Rule 68 Offer of Judgment Moots Putative Class Claims.*

Defendant argues that this Court's precedents in *Pitts* and *Diaz* are irreconcilable with the Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk*, -- U.S. --, 133 S. Ct. 1523 (2013). But in *Genesis*, the Supreme Court explicitly refused to decide whether the plaintiff's individual claim was moot. It is unlikely that the decisions of other Circuit Courts cited by Defendant (*see* Mot. at 5-6) – which were all decided <u>before</u> *Genesis* and <u>before</u> *Diaz* or this case – will change the analysis. Although Defendant cites some District Court cases that arguably make the same claim, Defendant notably cites to no Circuit Court cases decided since *Genesis* that have come to the same conclusion. In the absence of a disagreement among the Circuit Courts, it is exceedingly unlikely that the Supreme Court would grant certiorari review on this topic.

Furthermore, this Court itself decided *Diaz* after *Genesis*. This Court can and should presume that its decision in this case is correct—it

- 9 -

already decided this issue in *Diaz*, and neither the Supreme Court nor any other Circuit Court has taken issue with the opinion since its issuance. Defendant bears the burden on this Motion to rebut the presumption that this Court's rulings in this case, and in *Diaz*, are correct. *See Casey*, 510 U.S. at 1310. None of the District Court cases it cites undercut that presumption, nor do the Circuit Court cases that predate *Genesis*.

Because none of Defendant's arguments demonstrate the likelihood of the Supreme Court granting certiorari review in this matter, much less reversing this Court's opinion, Defendant has failed to meet either of the first two elements for a stay of mandate pursuant to the *Rostker v. Goldberg* test.

## II. Defendant Makes no Attempt to Demonstrate Irreparable Harm, and Fails to Demonstrate a Balance of Hardships That Would Favor a Stay

Defendant makes no attempt to demonstrate it would be irreparably harmed by the denial of its Motion. The only harm that Defendant points to is the possible "unnecessary expenditure of judicial and party resources." (Mot. at 9.) This is as disingenuous as it is baseless. Indeed, Defendant has maximized the unnecessary

expenditure of judicial and party resources at every step of these proceedings, filing six dispositive motions in the District Court and this Court combined, all of which have been denied or reversed. It can hardly claim a concern over the unnecessary expenditure of resources in the interim before its petition for certiorari is decided.

Defendant claims that denial of the motion to stay "would certainly prejudice Campbell-Ewald while it prepares to petition the Supreme Court" (Mot. at 9), but it does not explain how it would be prejudiced. There is no injunction in place against Defendant, and all it would be forced to do is continue litigating the case during the short interval between now and when its petition for certiorari is decided. Mere "litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Ticor Title Ins. Co. v. FTC*, 814 F.2d 731, 740 (D.C. Cir. 1987) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)).

Defendant will not be harmed in any way by the issuance of mandate. It will simply have to address the merits and class certification issues that it has sought to avoid for the past four years. Defendant fails to meet either of the final two elements of the *Rostker v. Goldberg* and,

in short, fails every single element of the test for granting a stay. Its Motion should be denied.

## III. Plaintiff Filed Bankruptcy During the Pendency of This Appeal

Plaintiff recently informed Plaintiff's counsel that during the pendency of this appeal, Plaintiff filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Bankruptcy Code and received a discharge. Plaintiff inadvertently omitted scheduling of the instant appeal as an asset on bankruptcy Schedule B.[1] However, Plaintiff retained an exemption on bankruptcy Schedule C in an amount in excess of $1503, which Plaintiff intends to apply to this action pursuant to 11 U.S.C 522(b). *Schwab v. Reilly*, 560 U.S. 770 (2010). Defendant has repeatedly asserted in numerous pleadings before this Court and the District Court that the value of Plaintiff's claim in this case does not exceed $1503. Thus, Plaintiff intends to file a motion to reopen his bankruptcy for the purpose of amending his schedules accordingly. *In re Cervantes*, 503 B.R. 689 (Bankr. N.D. Ill. 2013).

---

[1] Plaintiff was informed by his bankruptcy counsel that the instant case was not an action to be identified because the case had been dismissed by the District Court before Plaintiff had filed his petition for relief under Chapter 7.

Aside from the likelihood that the Supreme Court will refuse a *certiorari* petition, the pendency of additional proceedings related to this case in the Bankruptcy Court, and the interest in having the District Court review any issues related thereto, provide additional grounds to issue mandate.

## CONCLUSION

For the reasons stated above, Plaintiff-Appellant Jose Gomez requests that this Honorable Court deny Campbell-Ewald's Motion for Stay of Mandate, and issue mandate promptly.

Respectfully submitted,

/s/ Evan M. Meyers

David C. Parisi
dcparisi@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA   90405
Tel: (818) 990-1299
dcparisi@parisihavens.com

Evan M. Meyers
MCGUIRE LAW, P.C.
161 N. Clark Street, 47th Floor
Chicago, IL 60601
Tel:  (312) 216-5179
emeyers@mcgpc.com

Michael J. McMorrow
MCMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60602
Tel: (312) 265-0708
mike@mjmcmorrow.com

*Attorneys for Plaintiff-Appellant Jose Gomez*

## Certificate of Service

I certify that, on October 23, 2014, I filed Appellant's Opposition to Appellee's Motion for Stay of Mandate using the Court's electronic filing system. I also certify that a courtesy copy of the foregoing was sent to counsel for Defendant-Appellee, Campbell-Ewald Company, by electronic mail using the email addresses indicated below:

lwytsma@loeb.com;

mmallow@loeb.com;

creilly@loeb.com;

gregory.garre@lw.com.

Dated: October 23, 2014  /s/ Evan M. Meyers
        Evan M. Meyers

*Attorneys for Plaintiff-Appellant*
*Jose Gomez*